**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CARNEIL J. EDMOND,         :
AIS 234999,

                                 :

     Petitioner,

                                 :

vs.                                CA 06-0789-CG-C

                               :

GWENDOLYN C. MOSELEY,

                               :

     Respondent.

## <u>REPORT AND RECOMMENDATION</u>

Carneil Edmond, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## <u>FINDINGS OF FACT</u>

1.     Edmond was convicted in the Circuit Court of Mobile County, Alabama on December 4, 1995 of receiving stolen property in the second

degree. (Doc. 10, Exhibit A, Case Action Summary Sheet)  Petitioner entered a counseled guilty plea to the added charge[1] and was sentenced to a three-year term of imprisonment which was suspended pending Edmond's successful completion of three years of formal probation. (*Id*.) Edmond did not directly appeal his conviction and sentence. *See Edmond v. State*, 954 So.2d 608, 609 (Ala. Crim.App. 2006) ("Edmond did not appeal that conviction.").

    2.    On June 9, 2005, Edmond filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, collaterally attacking his conviction and sentence. (Doc. 10, Exhibit B, Case Action Summary Sheet) The Rule 32 petition was denied by the trial court, without an evidentiary hearing, on August 12, 2005. (Doc. 10, Exhibit B, August 12, 2005 ORDER)

> This matter having come before this Court on Motion for Post Conviction Relief, and the Court having considered the Petition and the State's Response hereto, the Court makes the following findings:

.    .    .

> 3.    The Court having read the Defendant's petition and having considered the State of Alabama's response thereto, and taking judicial notice of its files, case action summaries, and

---

[1]    The indictment charged Edmond with first-degree theft of property in violation of §13A-8-3 of the Alabama Code. (Doc. 10, Exhibit A, INDICTMENT) Based upon the plea agreement reached between the parties and upon the State's motion, consented to by Edmond, a count was added to the indictment charging second-degree receipt of stolen property. (Doc. 10, Exhibit A, Case Action Summary Sheet)

indictments, makes the following findings of facts:

a)      Defendant raises no new issues that could not have been raised on direct appeal.

b)      The Defendant raises no newly discovered facts or issues which would toll the statute of limitations contained in Rule 32.2(c).

c)      The Defendant raises no valid issues that would preclude this Court from having jurisdiction to impose the sentence listed above. The sentence does not exceed the maximum allowed by law.

d)      The Defendant raises no other issues in his petition for which relief can be granted, Rule 32.7(d).

**WHEREFORE**, based on the above, the Court **DENIES** the Defendant's petition pursuant to Alabama Rules of Criminal Procedure, Rule 32.2(c), 32.7(d).

(*Id.*)

3.      Edmond filed written notice of appeal on August 20, 2005. (Doc. 10, Exhibit B, NOTICE OF APPEAL) On April 28, 2006, the Alabama Court of Criminal Appeals remanded Edmond's case to the Circuit Court of Mobile County. *Edmond, supra*, 954 So.2d at 610.

On appeal, Edmond raises the following claims:

1)  That the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

3

2)  That judgment was obtained by plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of [the] charge and the judgment of said charge.

3)  That his conviction was obtained by the unconstitutional failure of the prosecution to disclose to Edmond evidence favorable to him.

4)  That the court was without jurisdiction to render the judgment or to impose the sentence.

5)  That the sentence imposed exceeds the maximum authorized by law.

6)  That newly discovered material facts exist that require that the conviction and sentence be vacated.

7)  That Edmond failed to appeal within the prescribed time and that failure was without fault on his part.

8)  That Edmond's conviction was the result of ineffective assistance of counsel at the guilty plea hearing and at sentencing.

9)  That Edmond's Rule 32 petition was denied by the trial court without ruling or adjudication on or upon each of the merits raised in his petition.

.     .     .

Because Edmond's Rule 32 petition was filed outside the statutory period of limitations provided in Rule 32.2(c), the only claims that can be considered are those that are jurisdictional. The only jurisdictional claims he raises are claims 4, 5, and 6 above.

Claim[] 6, alleging newly discovered evidence, is without

4

merit. Edmond claims that he was recently made aware by his "inmate para-legal" that he was illegally and unconstitutionally convicted and sentenced. Clearly, this allegation does not meet any requirement of newly discovered evidence.

Claims 4 and 5 allege that the trial court lacked jurisdiction to accept the appellant's guilty plea and that his sentence exceeds the maximum authorized by law. Edmond argues that although he was indicted for first-degree theft, the trial court incorrectly allowed him to plead guilty to receiving stolen property in the second degree. Because receiving stolen property in the second degree is not a lesser-included offense of first-degree theft, this cause must be remanded for the circuit court to determine whether Edmond's allegation is true. The return to remand to this court shall contain a copy of the indictment along with any proceedings conducted by the trial court and shall be filed within 56 days of the date of this opinion.

*Id*. at 609-610 (internal citations omitted).

4.    On June 2, 2006, the trial court entered an order which again

denied petitioner collateral relief. (Doc. 10, Exhibit A, June 2, 2006 ORDER)

The Court finds that the case action summary, attached as Exhibit A, correctly notes that the Defendant plead guilty to the added charge of Receiving Stolen Property 2nd Degree. The "Motion To Enter A Guilty Plea," attached as Exhibit B, and "Notice of Intent To Plead Guilty," attached as Exhibit C, are signed by the Defendant [and] state that the Defendant is pleading guilty to Receiving Stolen Property 2nd Degree.

The issue thus is, under the facts of this case is whether Receiving Stolen Property 2nd Degree is a lesser included offense of Theft in the 1st Degree? The Court has reviewed applicable Alabama law and has not found a case in which Receiving Stolen Property 2nd Degree was found to be a lesser

5

included offense of Theft 1st Degree. However, in <u>Farmer v. State</u>, 565 So.2d 1238 (Ala. Crim. App. 1990) the Alabama Court of Criminal Appeals stated (regarding lesser included offenses) "the Court must take into account the facts of that case and not the two offenses abstractly." *See also* <u>Ingram v. State,</u> 570 So.2d 835 (Ala. Crim. App. 1990).

The Court reviewed the case law of other jurisdictions with statutes similar to Alabama's and found that in both Pennsylvania and Virginia, Receiving Stolen Property is a lesser included offense of Theft. *See* <u>Commonwealth v. Rippy</u>, 732 A.2d 1216 (Pa. Super. 1999); <u>Roberts v. Commonwealth</u>, 337 S.E.2d 255 (Va. 1985).

The District Attorney's file contains the police report of this incident. This report is attached as Exhibit D. The report indicates that the Defendant was arrested while driving a motor vehicle that had been stolen. The Court notes, Theft 1st Degree for which he was indicted in 1995 required no minimum dollar amount but where the theft was a motor vehicle this amounted to Theft 1st Degree.

From reviewing the indictment, Exhibit E, and the case action summary, the Court files, and the District Attorney's files, the Court finds that under the unique facts of this case, the charge to which the Defendant plead guilty, namely Receiving Stolen Property 2nd Degree is a lesser included offense of Theft 1st Degree. Thus, the Court had jurisdiction to accept the Defendant's guilty plea in case CC-95-2386.

(*Id.*)

5.   On return to remand, the Alabama Court of Criminal Appeals

affirmed the trial court's judgment. (Doc. 10, Exhibit E)

On June 30, 2006, the Supreme Court of Alabama released a decision in <u>Ex parte Seymour</u> [Ms. 1050597, June 30,

2006] ___ So.2d ___ (Ala. 2006), changing current caselaw. It held that the validity of the indictment was irrelevant to whether the court had jurisdiction over the subject matter of the case, and the Code and Alabama constitution granted the trial court jurisdiction to hear a case. Further, it held:

> "In this case, Seymour failed to raise his defective indictment claim at trial or on direct appeal. As a result, his claim is barred by Rule 32.2(a)(3) and Rule 32.2(a)(5), Ala.R.Crim.P., and the trial court correctly denied relief."

> <u>Seymour</u> at ___.

> Based on the <u>Seymour</u> decision, this claim is not jurisdictional and is precluded from review by Rules 32.2(a)(3) and (5), Ala.R.Crim.P., because it could have been raised at trial or on direct appeal. Therefore, the judgment of the circuit court is due to be affirmed.

(*Id.*) The Alabama Court of Criminal Appeals overruled Edmond's application for rehearing on September 8, 2006 (Doc. 10, Exhibit F) and the Alabama Supreme Court denied Edmond's petition for writ of certiorari on October 13, 2006 (Doc. 10, Exhibit H). The Alabama Court of Criminal Appeals entered its certificate of final judgment of affirmance on October 13, 2006. (Doc. 10, Exhibit G)

6.    Edmond filed the instant federal habeas corpus petition on November 13, 2006. (Doc. 1, at 13) While the petition conclusorily states that his application for habeas corpus relief was timely filed (*id*. at 12), petitioner's

amendment to his petition (Doc. 8) seeks to explain this conclusory response

(*see id*. at 1-2).

> Petitioner shows to this court that he was convicted in this instant case at bar in (1995) in Mobile County. Petitioner did not file an objection to his conviction or an appeal, or even a post-conviction petition until (2006).

> Petitioner did not file an objection, or appeal, as petitioner was never advised by the court that he could file an objection wit[h] the court or to file an appeal against this instant case at bar.

> It has been long standing in the Alabama Courts that if there is a jurisdictional issue said issue could be attacked at any time as there are no time limits on presenting jurisdictional issue[s] pursuant to post-conviction petitions.

> Also, this change has only come about in the past (6) months where the Alabama Supreme Court issued an opinion that reversed all prior opinions allowing defendants to file post-[conviction] petitions attacking jurisdictional errors in their case without a time limit on filing said post-conviction petitions.

> Furthermore, our prison law library did not issue a copy of this case which reversed all prior opinions on November 15, 2006.

> Because petitioner did not get a timely copy of the opinion from the State Supreme Court vacating all prior opinion[s] concerning jurisdictional issues, and all prior cases dealing with petitioner['s] case were still in effect at the time of petitioner['s] filing [of] his post-conviction petition, then this court should allow the petitioner's filing of his Habeas Corpus Petition.

> Hopefully, this court shall order a resons (sic) from the

respondents to answer to Petitioner's Habeas Petition.

This court should also consider that the Alabama Court of Criminal Appeals at one time granted petitioner's appeal and remanded back down to the trial court, which[] said circuit court did not do or have an evidentiary hearing.

The prior opinions should be held for the petitioner when he first file his Habeas Petition, if not this would amount to denying petitioner's right under Ex Post Facto.

(*Id.*; *see also* Doc. 14, at 1 ("Petitioner shows to this court that for years defendants could attack jurisdictional issues pursuant to a Rule 32 Petition and as such was the case when petitioner filed his Rule 32 Petition attacking the fact that the court did not have jurisdiction to convict and render the judgment against the Petitioner in this instant case at bar. . . . Hence, petitioner's Rule 32 Petition was properly before the court for review and adjudication by the trial court pursuant to 'McMillian' and A.R.Cr.P., Rule 32.1, which allows the petitioner to file post-conviction [] petitions at any time, and still does. Hence, according to Rule 32.1, et seq., petitioner properly [and] timely filed his Rule 32 Petition."))

## <u>CONCLUSIONS OF LAW</u>

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of

9

limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2.    Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case[2] and therefore, the timeliness of Edmond's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996."  *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is applicable in this case since Edmond's December 4, 1995 guilty-plea conviction became final when the forty-two (42) day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired, that is, on January 16, 1996. Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."); *see Simmons v. Upton*, 2007 WL 2375823, *2 (M.D. Ga. 2007) ("Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea. . . . In this case, petitioner entered a guilty plea on May 25, 2001; petitioner did not file

---

[2]    Petitioner makes no argument to the contrary. (*See* Docs. 1, 8 & 14)

a direct appeal, therefore, his conviction became final on or about June 25, 2001, when the time for filing such an appeal expired."); *Jennings v. Meadows*, 2006 WL 1134083, *2 (S.D. Ga. 2006) ("[B]ecause Petitioner did not file an appeal, his conviction became 'final' when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence were rendered on March 20, 1998, his conviction became final on or about April 19, 1998."); *Sweet v. Crosby*, 2006 WL 1319440, *1 (M.D. Fla. 2006) ("Petitioner's conviction was entered on August 14, 1998. Because he did not file a direct appeal, his conviction became final thirty days later, on September 14, 1998."); *cf. Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Accordingly, Edmond's limitations period commenced on April 24, 1996 and expired on April 23, 1997, *see Guenther, supra*, 173 F.3d at 1331, more than nine years before he filed the instant § 2254 application.

      3.     Edmond is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because the collateral attack on his conviction and sentence which he undertook was filed well after the one-year statute of limitations expired under § 2244(d)(1). *Cf. Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

      4.    Without using the "magic words", the undersigned reads petitioner's pleadings to contain the argument that the statute of limitations

either has not run in this case or should be equitably tolled because extraordinary circumstances worked to prevent him from timely filing his petition.  (*See* Docs. 8 & 14) Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:  "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid

application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

    5.    In this case, petitioner has not established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner contends that when he entered his guilty plea in 1995 the trial court never advised him of his right to appeal and when this fact is coupled with the fact that Alabama places no time limit on

presenting jurisdictional issues in criminal cases, he timely filed his federal habeas corpus challenge. Interestingly, petitioner makes no argument that he was ignorant of the one-year limitations period nor has he established that he would have appealed his December 4, 1995 conviction in early 1996 had he been advised by the court of his right to appeal.[3] It is apparent to the undersigned that Edmond had no desire in 1996 to appeal his conviction and sentence given that his sentence was suspended pending successful completion of three years probation; rather, the desire to attack that conviction only came to mind when the receiving stolen property conviction was used to enhance his February 2, 2003 drug trafficking conviction.[4] The fact that a petitioner, under Alabama law, has the right at any time to make a jurisdictional challenge to a conviction cannot serve to toll AEDPA's one-year limitations period, *cf. Moore v. Crosby*, 321 F.2d 1377, 1381 (11th Cir. 2003) ("A state application filed after expiration of the limitations period does

---

[3]    The evidence of record in this case, in fact, establishes that Edmond was well aware of his right to appeal his conviction. Importantly, the docket sheet entry for December 4, 1995 contains the finding that the trial court had ascertained that Edmond understood his constitutional rights (Doc. 10, Exhibit A, Case Action Summary Sheet) and the motion to enter a guilty plea, signed by Edmond, delineated those constitutional rights, including petitioner's right to appeal his conviction (Doc. 13, Exhibit 1). For his part, Edmond has supplied no sworn testimony that neither the trial court nor trial counsel advised him of his right to appeal. (*See* Docs. 8 & 14)

[4]    Petitioner was sentenced to life imprisonment on April 24, 2004.

not relate back so as to toll idle periods preceding the filing of the federal petition. The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending.' . . . While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Anderson v. Reynolds,* 2007 WL 888261, *3 (S.D. Ala. 2007) ("A state court filing initiated after the federal habeas deadline, however, does not revive the deadline."); *Mendez v. Crosby*, 2005 WL 1271281, *3 (M.D. Fla. 2005) ("When motions for post conviction relief are filed after the expiration of the federal limitation period, the motions cannot toll the limitation period because there is no period left."), particularly where, as here, petitioner possessed the same ammunition to attack his 1995 guilty plea conviction in 1996 that he used in June of 2005 to collaterally attack his conviction and sentence in the Mobile County Circuit Court, *compare* Doc. 10, Exhibit A, INDICTMENT ("CARNELL JOSEPH EDMOND . . . did knowingly obtain or exert unauthorized control over a motor vehicle, to-wit: a 1979 Toyota Corolla, the property of Barbara Timeco

Smith, with the intent to deprive the owner of said property, in violation of §
13A-8-3 of the Code of Alabama."), Doc. 10, Exhibit A, Docket Sheet Entry
For December 4, 1995 ("On Motion of the State and with the consent of the
defendant, count added charging Receiving Stolen Property Second Degree.
Defendant waived trial by jury and defendant withdrew plea of not guilty to
Theft of Property first degree and plead guilty to Receiving Stolen Property
Second Degree."), and *White v. State*, 383 So.2d 888, 889 (Ala.Crim.App.
1980)  ("It is a well recognized rule of law that a person who actually steals
property cannot be convicted of buying, concealing or aiding in the
concealment of the property stolen. . . . The reason for the rule stems from the
logical impossibility for the thief to receive stolen property from himself.")
*with McMillian v. State*, 905 So.2d 862, 864 (Ala.Crim.App. 2005) ("Because
receiving stolen property is not a lesser offense included within the offense
of theft of property, McMillian is entitled to the relief he seeks. Therefore, the
circuit court's summary denial of McMillian's Rule 32 petition is reversed
and the cause is remanded for the circuit court to grant McMillian's Rule 32
petition and to vacate McMillian's two convictions for receiving stolen
property in the second degree.") *and Fleming v. State*, 814 So.2d 310, 311 &
312 (Ala.Crim.App. 2001) ("The offense of first-degree receiving stolen

property is not encompassed within the offense of first-degree theft charged in the indictment. They are separate and distinct offenses. . . . Fleming was convicted of an offense for which he had not been indicted. This failure was a failure of an essential requisite of jurisdiction; the requirement that the offense be properly charged in an indictment was not waived by Fleming's guilty plea. . . . Because the trial court did not have jurisdiction to accept Fleming's guilty plea, the trial court's judgment is void."). For this Court to find otherwise would render the finality of state-court convictions and AEDPA's one-year limitations period illusory rather than real. *Moore, supra*, 321 F.3d at 1381 ("We agree with the Fifth Circuit that a difference exists between giving a petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and 'retroactively' tolling periods in which the petitioner is not attempting to exhaust state remedies. Such an interpretation would permit a petitioner to avoid the preclusive effect of a time-bar ruling by allowing a belated appeal beyond the one-year statute of limitations. This would be contrary to the purposes of AEDPA."). It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence  is responsible for the untimeliness of the filing of the instant petition. In other words, the facts surrounding the 1995 guilty-plea conviction

19

and Alabama law, as well as federal law, were at petitioner's fingertips from the moment of his conviction up to June 9, 2005, when he filed his state collateral petition; his failure to avail himself of those readily available facts and law obviously does not rise to the level of extraordinary circumstances sufficient to excuse his tardy filing in this Court. *Cf. Anderson, supra*, at * 4 ("Ignorance of the law 'is not a factor that can warrant equitable tolling.'").

6.      In light of the foregoing, the undersigned does not hesitate in concluding that this case is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

## CONCLUSION

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 24th day of September, 2007.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.       *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

 s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE